**Robert A. MAHEU, Plaintiff,**

v.

**HUGHES TOOL CO. et al., Defendants.**

**Civ. No. 72-305-HP:**

United States District Court,
C. D. California.

Jan. 9, 1973.

———◆———

Morton R. Galane, of Galane, Tingey & Shearing, Las Vegas, Nev., for plaintiff.

Norbert A. Schlei, of Hughes, Hubbard & Reed, Los Angeles, Cal., and Howard Jaffee, of Davis & Cox, New York City, for defendant Hughes Tool Co., a corporation.

Anthony Liebig, of Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for defendants Carl Byoir & Associates, Inc., and Richard Hannah.

MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT IN FAVOR OF CARL BYOIR & ASSOCIATES AND RICHARD HANNAH

PREGERSON, District Judge.

Acting for its client, Hughes Tool Co., the defendant Carl Byoir and Associates, a public relations firm, through its employee, defendant Richard Hannah, set up and arranged Howard Hughes's telephonic press conference with seven reporters at the Sheraton-Universal Hotel on January 7, 1972.

Byoir and Hannah bring this motion for summary judgment claiming that, as a matter of law, they cannot be held liable for allegedly defamatory statements made during the course of that conference. The motion was heard by the Court on January 5, 1973. It appears to the Court from the pleadings, affidavits, and other documents on file in this cause that there is no genuine issue as to any material fact relevant to this motion. F.R.Civ.P. 56.

To obviate the need for each reporter bringing his own recording and stenographic equipment and to eliminate electronic and space problems that could be caused by multiple equipment and personnel, Hannah, as part of the advance arrangements, undertook to deliver to each reporter present a tape recording and transcript of the conference. The tapes and transcripts were delivered by Hannah to these seven reporters shortly after the conference; it is this delivery which forms the basis of plaintiff's claim for relief against Byoir and Hannah.

Defendants, Byoir and Hannah, have moved for summary judgment contending that their conduct in distributing the tapes and transcripts to the seven reporters cannot be treated as a publication or

**1180**

republication of Mr. Hughes's allegedly defamatory utterances. Publication in the law of defamation is the communication of the defamatory matter to a third party—without this communication there can be no defamation.

Clearly the reporters could not be held liable had they for their own benefit—to insure accurate reporting—taped and transcribed the proceedings using their own equipment. Such conduct on the part of the reporters would not constitute publication or republication of an allegedly defamatory utterance. See Restatement of Torts, §§ 577, 578; Farr v. Bramblett, 132 Cal.App.2d 36, 44, 281 P. 2d 372 (1955).

Here, Hannah merely performed mechanical and ministerial tasks when he arranged for and delivered the tapes and transcripts to the seven reporters who had heard the utterances only hours before. Therefore, it is reasonable to conclude that Hannah's conduct as a mere technician, for the benefit of the reporters, should not constitute a publication or republication of the utterance in question.

In Waskow v. Associated Press, 149 U.S.App.D.C. 278, 462 F.2d 1173 (D.C. Cir. 1972), the United States Court of Appeals for the District of Columbia Circuit wisely pointed out that the law of defamation must be applied in the light of the realities of the news distribution business. Here, this Court is confronted by the realities of this unique press conference. The tapes and transcripts were an integral part of the information that the seven reporters took from that conference; therefore, their delivery by Hannah to the reporters present at the conference should not be considered a publication separate and distinct from the conference itself. To hold otherwise could have the chilling effect of removing from the hands of newsmen valuable tools for accurate reporting—accurate and unedited tapes and transcripts.

In view of the foregoing,

It is ordered that defendants' motion for summary judgment is granted.